George Whitman III
Name
439431
Prison Number
Yukon-Kuskokwim Correctional Center
Place of Confinement
P.O. Box 400 Bethel, Alaska
Address

RECEIVED
JUN 0 5 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

George K. Whitman III,
(Full name)

Petitioner,

vs.

Chris Liu,
(Name of WARDEN, Superintendent, Jailor or other authorized person with custody of Petitioner -- the respondent is NOT the "State of Alaska")

Respondent.

Case No. 3:06-cv-00134 TMB
(To be supplied by Court)
4BE-S04-1010 CR

PETITION FOR WRIT OF HABEAS CORPUS

Under 28 U.S.C. § 2254
By a Person in State Custody

CONVICTION UNDER ATTACK

1.  Name and location of court which entered the conviction under attack: Bethel Alaska for the Alaska Superior Court or Court of Appeals. (Bethel Courthouse denies my mail)

2.  Full date of judgment of conviction: ___/___/___ (month/day/year)

    a.  Case Number: 4BE-04-1010 CR

3. What was your plea? (Check one) _X_ Not Guilty ___ Guilty ___ Nolo Contendre

   a. If you entered a guilty plea to one count, and a not guilty plea to another count, give details:_____

   _____

   _____

   _____

   _____

   b. If you entered a plea of guilty pursuant to a plea bargain, state the terms and conditions of the agreement:_____

   _____

   _____

   _____

   _____

4. Were you sentenced on more than one count of an indictment, in the same court at the same time? ___ Yes ___ No  unknown at this time

5. What was (were) the offense(s) for which you were convicted? (All counts) My Burglary 1° got aquitted but was found guilty of four other charges which are Assalt 1°, Sexual Assalt 1°, Assalt 2°, and Assalt 2°.

6. Kind of trial: (check one) _X_ Jury ___ Judge only

7. Did you testify at trial? ___ Yes _X_ No

8. Length of sentence(s): unknown at this time

§ 2254 Form
Effect. 10/01

9. Do you have any future state court sentence to serve after you complete the sentence imposed by the judgment under attack? ____ Yes ____ No  *I think I might* (If petitioner is attacking a **state** court conviction/sentence to be served in the **future**, petitioner must add the state's Attorney General as an additional respondent. If petitioner has a sentence to be served now or in the future under a **federal** judgment which s/he wishes to attack, s/he should file a motion under 28 U.S.C. **§ 2255**, in the federal court which entered the judgment.)

   a. If yes, give the name and location of the court which imposed the sentence to be served in the future:_____
   _____

   b. Give the date and length of sentence to be served in the future:_____
   _____

   c. Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? ____ Yes ____ No

*CAUTION: In order to proceed in federal court, you must first **exhaust** your state court remedies as to each ground on which you request action by the federal court.* You are cautioned that there is a **one-year limitations period** in which to file a habeas petition, and that a petition brought under § 2254 will be dismissed if not brought within that period, unless there are "extraordinary circumstances" beyond your control, which made it impossible to file your petition on time. Although this time period is tolled (suspended) during any **state** court post-conviction **proceedings**, the time that your action is pending in **federal court** does **not** toll that one-year time period. You should, therefore, **immediately exhaust** any unexhausted grounds for relief in the state courts, up to and including, the Alaska Supreme Court, before filing in this Court.

§ 2254 Form
Effect. 10/01

## GROUNDS FOR RELIEF

10. For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. You may also have grounds which are not listed here. Do not check any of these listed grounds. If you select any of these grounds for relief, you must allege **facts**. The petition will be returned to you if you merely check specific grounds.

   a. Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea.
   b. Conviction obtained by use of coerced confession.
   c. Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
   d. Conviction obtained by use of evidence gained pursuant to an unlawful arrest.
   e. Conviction obtained by a violation of the privilege against self-incrimination.
   f. Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
   g. Conviction obtained by a violation of the protection against double jeopardy.
   h. Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
   i. Denial of effective assistance of counsel.
   j. Denial of right of appeal.

**State each ground for which you claim that the state court conviction and/or sentence is unconstitutional. Summarize *briefly and concisely* the facts supporting each ground. If you claim more than three grounds, make copies of blank pages 4 - 7, and attach those pages stating additional grounds and *facts* which support those grounds. You must raise in this petition all grounds for relief that relate to this conviction. Any grounds not raised in this petition will likely be barred from being litigated in a future action.**

Ground 1 (a - j): __K.__ (just one), or Other: __K. I was brought to jail July 18, 2004. I was denied the right to put in motions to dismiss pursuant to →__

**Supporting FACTS** (State *briefly*, without citing cases or law): Criminal Rule 45(f)(a) and (e)(1) from the Alaska Court Rules. Reason was cause my opd attorney refused to turn the motions in to the judge. So I did so by myself. But the judge would neglect my motions and the d.a. in the act of Government Negligence. The government had also failed to indict until 39 days elapsed. Pursuant to 18 U.S.C. § 3161(b). It took a total of 21½ months to finally go trial and finish with trial. The court should have dismissed with prejudice as a result of the government's actions, not only to send a message to the government as a whole that violations of §3162(a)(1) will not be tolerated, as the Hernandez court suggests, but also to insure that this kind of negligent and indifferent conduct ceases. (Continued check blank pages 4-7)

**Exhaustion of state court remedies regarding Ground 1:**

☞   **Direct Appeal:**

Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

___ Yes ___ No. Result:_____ Case

Number:_____ Date of Decision:___/___/___

If no, why not:_____

_____Did you

appeal *this issue* to the Alaska Supreme Court? ___ Yes ___ No.

Result:_____

Case Number:_____ Date of Decision:___/___/___

If no, why not:_____

_____

☞ **Post-Conviction:**

Did you raise *this issue* in a petition for post-conviction relief or state petition for habeas corpus?

___ Yes ___ No. Name of court:_____

Case number:_____ Date petition filed: __/__/__ Did

you receive an evidentiary hearing? ___ Yes ___ No

Result of proceeding:_____ Date of result: __/__/__

If you did not raise this issue, why not: unKnown at this time. My attorney told me I cannot appeal at this time. (Send back for redirect if need to.

    a.    Did you appeal *this issue* to the Alaska Court of Appeals? ___ Yes ___ No

    Result of proceeding:_____

    Case number:_____ Date of result: __/__/__

    If no, why not: _____

    _____

    b.    Did you appeal *this issue* to the Alaska Supreme Court? ___ Yes ___ No

    Result of proceeding:_____

    Case number:_____ Date of result: __/__/__

    If no, why not:_____

    _____

☞ **Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence

§ 2254 Form
Effect. 10/01

overturned based on *this issue* (such as administrative remedies)? ___ Yes ___ No. If yes, explain:

_____

_____


**Ground 2:(a - j):** _b._ (just one), **or Other:** Conviction obtained by use of Coerced confession.

**Supporting FACTS** (State *briefly*, without citing cases or law): I've got that in much of my writings, I've sent letters to my own attorney(s) such as Anne Marshall, the district attorney and the judge or under the Bethel Court House stating why the confession should be suppressed or why I should be ordered out of jail and to totally exclude evidence I haven't seen since the d.a.'s and my own attorney has been bragging about evidence to be used against me.

_____

_____

_____

_____


**Exhaustion of state court remedies regarding Ground 2:**

☞  **Direct Appeal:**

Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

___ Yes ___ No. Result:_____ Case

Number:_____  Date of Decision:___/___/___

If no, why not:_____

_____Did you

appeal *this issue* to the Alaska Supreme Court? ___ Yes ___ No.

Result:_____

Case Number:_____  Date of Decision:___/___/___

If no, why not:_____

_____

☞   **Post-Conviction:**

Did you raise *this issue* in a petition for post-conviction relief or state petition for habeas corpus?

___ Yes ___ No. Name of court:_____

Case number:_____  Date petition filed:___/___/___

Did you receive an evidentiary hearing? ___ Yes ___ No

Result of proceeding:_____  Date of result:___/___/___

If you did not raise this issue, why not: *unknown at this time. My attorney told me I cannot appeal at this time. (Send back for redirect if need to.)*

    a.   Did you appeal *this issue* to the Alaska Court of Appeals? ___ Yes ___ No

        Result of proceeding:_____

        Case number:_____  Date of result:___/___/___

        If no, why not: _____

        _____

    b.   Did you appeal *this issue* to the Alaska Supreme Court? ___ Yes ___ No

§ 2254 Form
Effect. 10/01

Result of proceeding:_____

Case number:_____ Date of result:___/___/___

If no, why not:_____

_____

☞ **Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence overturned based on *this issue* (such as administrative remedies)? ___ Yes ___ No. If yes, explain:

_____

_____

**Ground 3:**(a - j):__C.__ (just one), or Other: Conviction obtained by use of evidence pursuant to an unconstitutional search and seizure.

**Supporting FACTS** (State *briefly*, without citing cases or law): As my parole officer stated that if any police officer tries to speak to me just walk away. The cop tried creating an exigent circumstance to pick me up. As the cop never once listened to a word I said as he created a plan to pick me up. He considered picking at my clothing through a telephonic search warrant. Before asking permission to get the telephonic search warrant he already had a prior written affidavit and police report before he convinced me to do a statement under Miranda Warnings but neglected the fact that my speaking to the cop was totally unpermissable and coerced. There should

have been some type of procedural delay to obtain search warrant and to properly assert indictment by a grand jury.

**Exhaustion of state court remedies regarding Ground 3:**

☞      **Direct Appeal:**

Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

\_\_\_ Yes \_\_\_ No.   Result:_____ Case

Number:_____   Date of Decision:\_\_\_/\_\_\_/\_\_\_

If no, why not:_____

_____Did you

appeal *this issue* to the Alaska Supreme Court? \_\_\_ Yes \_\_\_ No.

Result:_____

Case Number:_____   Date of Decision:\_\_\_/\_\_\_/\_\_\_

If no, why not:_____

_____

☞      **Post-Conviction:**

Did you raise *this issue* in a petition for post-conviction relief or state petition for habeas corpus?

\_\_\_ Yes \_\_\_ No.   Name of court:_____

Case number:_____   Date petition filed:\_\_\_/\_\_\_/\_\_\_

Did you receive an evidentiary hearing? \_\_\_ Yes \_\_\_ No

Result of proceeding:_____   Date of result:\_\_\_/\_\_\_/\_\_\_

If you did not raise this issue, why not: unknown at this time. My attorney told me I cannot appeal at this time. (Send back for redirect if need to.)

§ 2254 Form
Effect. 10/01

Page 4 of 13 Ground I - Supporting FACTS (state briefly, without citing cases or law): THE FACTS AND CIRCUMSTANCES OF THE GOVERNMENT'S VIOLATION OF THE DEFENDANT'S RIGHT TO A SPEEDY TRIAL REQUIRE DISMISSAL WITH PREJUDICE. THE IMPACT OF DISMISSAL WITH PREJUDICE WOULD NOT IMPACT THE ADMINISTRATION OF §3162 OR THE ADMINISTRATION OF JUSTICE. The Court in Blevins established the following considerations for the court in evaluating the impact of a defendant's reprosecution on the administration of §3162(a)(1) and the administration of justice: "the defendant's right to a timely trial, the deterrent effect of a prejudicial dismissal in the government's repeated violations of speedy trial requirements, and the public's interest in bringing the defendant to trial."

It is respectfully submitted that in applying the considerations in Blevins, this court should find that reprosecution would violate [Defendant's name]'s right to a timely trial, would fail to ensure the deterrence of similar violations of the government in the future, and is not in the best interest of justice. In light of the governmental violation of [Defendant's name]'s right to a timely trial, further reprosecution would only serve to exacerbate the infraction of his rights. Similarly, should the court allow the government the opportunity to reprosecute [Defendant's name] in the future, its will in effect condone the government's negligent violation of §3162(a)(1). In essence, the court will further the government's blatant disregard for §3162(a)(1) because government prosecutors will expect that negligent acts will remain unpunished. Moreover, Russo highlights that although the public has an interest in seeing that offenders are brought to justice, the public's general interest may compromise [Defendant's name]'s personal interest in a speedy prosecution.

I'm being denied a Speedy Trial; There's been lack of Prosecution; Pre-Indictment delay/Prejudicial delay; and failure to bring arraignment within a total of 30 days or not in the State of Alaska's 120 day period.

On the 26th day of August I was indicted on Cause No. 4BE-04-1010 CR. On July 19, 2004 I was arraigned in the Bethel District Court.

I've shown to the judge, D.A. and my attorney allowing for excludable time as defined by 18 U.S.C.A. §3161(h) since the date of arraignment and that the time elapsed since arraignment is without the time limits prescribed in 18 U.S.C.A. §3161(e) and (g).

(check pg. 5 of 7)

Page 4 of 13 Ground 1 - Supporting FACTS (state briefly, without citing cases or law): I've sent to the judge, d.a., my attorney that the speedy trial act commences to run without demand by the defendant upon receiving the charging document and a trial date is to be set up at the date of arraignment, if not, then thereafter a trial date shall be immediately set for a date certain. Even the judge beforehand notified me that if my case goes over a 12 month period then my case must get dismissed.

I've told the 3 government officials named above that my trial should have started on November 18, 2004 at the latest of 120 days.

I've notified the Judge Leonard Devaney, U.A., OPA, that the failure of the government to bring me to trial on or before November 18, 2004 constitute a violation of my constitutional guarantees and a denial of my rights under the Speedy Trial Act (sixth Amendment), requiring dismissal of all charges.

I've been told by the judge to stop turning in motions to dismiss because my attorney neglects to turn in or file motions for my behalf. So I turn in motions by myself. I have turned in 1 motion through my attorney but she complained to the judge that I'd typed it up by myself. on the record I may assume he stated that I stop turning in motions to dismiss my case cause I already got counsel. which the counsel neglects to hear because she works for her own cause and not, not for her client.

I object to the Judge's conclusion that me by filling motions pursuant to order of the judge (which may have been deemed waived by the Judge had I not filed them at the time) in any way or manner would have waived my right to a guarantee to the Speedy Trial of the Speedy Trial Act.

The Judge, Leonard Devaney knows that my attorney Ms. Anne Marshall will not file motions on my behalf and sent me a letter on March 8, 2006 stating that he would not accept motions filed by me but only through my attorney of OPA, Anne Marshall.

On Jan. 5, 2006, I finally received a letter back from Ms. Marshall. I sent a total of like 15-20 letters to the judge, d.a. who I was told was Kelly Cavanaugh but the d.a. nonetheless, and my attorney from between Nov. 2005 to March 2006. It states she will not listen to me, and doesn't have any time to act on my motions as for my criminal behaviors. She states that there are totally no rule 45 violations nor am I able to complain about rule 5 or Rule 45 VIOLATIONS at this time. 2 months well before an unconstitutional held trial date.

(check pg. 6 of 7)

Pg. 5 of 7

Throughout the time since November 2005 and up until March 2006 I've been sending letters to the Government officials such as the Bethel Court House or Judge Leonard Devaney; the D.A. Kelly Cavannaugh, OPA-Anne Marshall. I've sent them stuff's about stuff regarding under ground [b.] Conviction obtained by use of coerced confession - I've got that in much of my writings. Under ground [c.] Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure. - As my parole officer stated that if any police officer tries to speak to me just walk away. The cop tried creating an exigent circumstance to pick me up [d.] Conviction obtained by use of evidence gained pursuant to an unlawful arrest. I might be wrong but once the cop brought me to a police station then the questioning becomes an arrest, isn't that unlawful along with the cop stating on the record at trial or it was the d.a. that he had a prior written affidavit or something before he called up a magistrate to request for a search warrant. [e.] Conviction obtained by a violation of the privilege against self-incrimination. I refused to speak to the cop Terry Stonecipher many times as I told him that I was not to be speaking to cops but the cop found his way to my side at any cost to try picking me up as he's known that I was on a parole or he should have known I'd be on a parole. Easy access to parole records. He's a cop. [f.] Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant. - When brought to trial evidence was brought which wasn't even brought to the Grand Juries August 26, 2004. [g.] Conviction obtained by a violation of the protection against double jeapordy. In 1 or two of the letters the judge, d.a. and my attorney received I stated that they'd be afraid to grant my motions because that would fail to ensure the prosecution to get me to trial because of the Double Jeapordy Law. If the judge or the government would have just followed procedure of their own law I wouldn't have had to have gone to trial. They were afraid for their own sake but now that I got found guilty on my charges at trial they ain't got nothing to worry about. During the begginning of the trial I asked my atty why hasn't my trial changed place so that I can get my motions answered because the judge had the need to want to think that he can vacate the letters because he's got jurisdiction against me. [h.] Conviction obtained by action of a grand jury or petit jury which was unconstitutionally selected and impaneled. There should have been a change of venue as long as the case has been pending and in order to expect a fair trial. [i.] Denial of

Blank pages 4-7
Case 3:06-cv-00134-TMB   Document 1   Filed 06/05/2006   Page 14 of 18
pg. 7   Ground 8 continued IID

effective assistance of counsel, I've been complaining of the attorney that I've received her. Where denial of effective counsel permits to the eighth amendment I believe there can be no imprisonment imposed against that person. I've got a bunch of stuff concerning my attorney stating that she's negligent and of her and the judge stating that she's negligent, well at least the judge says that I've been through attorney after an attorney, where Ms. Marshall might've been the only attorney rightfully given to him although she is the subordinate of Mr. Brian Kay who has tried everything and anything to mess me over in all my past cases.

Underneath Ground 1 are subject to ground K. And under ground K. are the following other grounds which I am stating so that I wouldn't have failed to have stated the other grounds. Ground K. b. c. d. e. f. g. i. h A total of 8 grounds for releif.

a.     Did you appeal *this issue* to the Alaska Court of Appeals? ___ Yes ___ No

Result of proceeding: _____

Case number: _____ Date of result: ___/___/___

If no, why not: _____

_____

b.     Did you appeal *this issue* to the Alaska Supreme Court? ___ Yes ___ No

Result of proceeding: _____

Case number: _____ Date of result: ___/___/___

If no, why not: _____

_____

☞ **Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence overturned based on *this issue* (such as administrative remedies)? ___ Yes ___ No. If yes, explain:

_____

_____

_____

11.    Have *all grounds* raised in this petition been presented to the highest state court having jurisdiction? ___ Yes ___ No

   a.     If no, which grounds have not been presented? _____

   _____

   b.     Explain reasons for not presenting grounds: _____

   _____

§ 2254 Form
Effect. 10/01

**Attach a copy the highest state court written decision(s) regarding this conviction.** If you have not attached copies of your state court written decisions(s), why not?_____

_____

## SUCCESSIVE PETITIONS

12. Is this the first *federal* petition for writ of habeas corpus challenging this conviction?

    ____ Yes  ____ No

    a. If no, in what court was the prior action filed?_____

    What was the prior case number?_____

    b. Was the prior action (check one): ____ denied on the merits

    or ____ dismissed for procedural reasons?

    c. Date of decision: ____/____/____ (month/day/year)

    d. Are there any issues in this petition raised in the prior petition? ____ Yes ____ No

    e. If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this successive petition? ____ Yes ____ No

    If yes, please attach a copy of the order. Attached? ____ Yes ____ No

    **\*\*\* You must obtain permission before filing your successive petition. \*\*\***

13. Do you have any petition, application, motion or appeal (or by any other means) now pending in any court regarding the conviction that you are challenging in this action? ____ Yes ____ No

    a. If yes, state the name of the court and the nature of the proceedings:_____

    _____

    _____

Date you are mailing (or handing to correctional officer) this petition to the Court: ___/___/___

**WHEREFORE**, petitioner prays that the Court will grant him/her such relief to which s/he is entitled in this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody.

_George Whitman III_
(Signature of Petitioner)

received by Ms./Mr. Geddes

_George Whitman III_
(Signature of person who prepared this petition, if not Petitioner)

_Not Present - don't trust OPA - Anne Marshall_
(Signature of attorney, if any)

_Anne Marshall - OPA_
(Typewritten/printed name of attorney)

_George Whitman III  POB 400 Bethel AK 99559_
(Typewritten or printed name & address of person who prepared this petition)

Anne Marshall POB 2129-1169 Bethel AK 99559
(907) 543-1234
_I don't trust Anne Marshall of OPA_
(Attorney's address & telephone number)

## DECLARATION UNDER PENALTY OF PERJURY

I understand that a false statement or answer to any question in this declaration will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed at _Bethel, Alaska Y.K.C.C._ on _June 02, 2006_
            (Location)                          (Date)

_George Whitman III_                 #439431
(Signature)                          (Inmate Number)

In pages 12 of 13 and 13 of 13, I did not respond to them yet cause they, well there are certain things or questions which must be answered which I am unsure if they are actually answered if not in the state courts but the federal courts. There are still quite a few questions that are unanswered in this here Petition For Writ of Habeas Corpus. Or conviction under Attack Motion. I will however, send this here motion over to the trial courts here in Bethel, Alaska, although they will probly be uncertain where I got the form. I will also finish up with whatever questions when I get a response from the Bethel Superior Court or the U.S. District Court. I do request for counsel as I've written about ineffective assistance of counsel. Hopefully everything will be able to be filled out once I get a response from the trial or superior courts. Thanks.

From,

George Whitman III
George Whitman III

There are a number of other things that will be sent with the form such as is known or might be known as contempt, if I'm right. Empty envelopes that have been sent back because the letter or motion has been neglected to be answered by the Bethel Court House, The judge and the District Attorney. There are a total of 5 to 6 of those. A letter from Ms. Marshall without stamps. I have received many of those. A letter to Sean & Michele of ACC being Sean Brown & Michele Power with a tiny note of addresses and my problem with the Bethel Courts and/or Attorney's. A note from judge Devaney, with a little note stating Not accepted as filed (filings must be done by your attorney). Pretty much stating that he's the boss and doesn't need to accept any motions by me cause he wouldn't give me effective counsel. A letter to Anne Marshall, dated Dec 19, 2005. Handwritten copy sent back from Marshall. A little statement by a person by Ted S'ieera. Letter to the judge or Judge Devaney, dated 12-29-05. Motion to Dismiss- Standing up for my right without the help of counsel. Motion to Dismiss Prosecution for failure to present indictment- state. And a short complaint sent to the Ombudsman of the Alaska Bar Association. All to be sent and expected to be sent back without a response from the Bethel Court House. 6 empty envelopes, unanswered. And 2 Letters I expect to be sent back from the Court House to help explain the ongoing problem.

oh, uh, another unopened letter tried sending to trial courts. Dated Mar 30, 2006