To:                The Bethel Court Hourse (Trial Courts)
From: George Whitman III
Re: 7:43 Motion to dismiss prosecution for failure to present indictment--state

*not my signature as verified*

FILED IN OPEN COURT
3-8-06  Signed by / copied by
Date    Clerk      George Whitman

(Caption)
TO THE HONORABLE JUDGE OF SAID COURT:
_____, attorney for and in behalf of *George Whitman III*, represents to the Court that his client is illegally restrained of his liberty by *Terry Stonecipher*, Sheriff of *Bethel* County, Alaska, and in support thereof, states the following:

*couldn't big copy from Y.K.C.C.*

I.

*George Whitman III* was arrested on July 18, 2004 and confined in the *Yukon-Kuskokwim C.C.* Jail. He is presently lodged in the *YKCC* Jail in lieu of $10,000.00 bond. On (date), _____, attorney for (George Whitman III), requested an arraignment in Cause No. *4BE-04-1010CR* in the *Bethel, Alaska* Court. The arraignment was held on (July 19, 2004) and the defendant was ordered bound over to the Grand Jury by Judge *Curda*.

II.

In the *Bethel* Court of *Bethel, Alaska* County, Grand Juries are impanelled for _____-month periods, corresponding to the terms of court; that is, Grand Jury terms for all courts begin on the _____ day of the months of (list months)_.

III.

A *Bethel* County Grand Jury term began on the *29th of July* day of (29th of August 2004), but no indictment was returned *by* *until 08-26-04* that Grand Jury against (George Whitman III). Another Grand Jury term began on (month, day, year), but no indictment was returned against (George Whitman) before (month, day, year), when a new Grand Jury term began and the previous Grand Juries were discharged.

IV.

Section *Criminal Rule 45* of the *Alaska* Code of Criminal Procedure requires that a defendant who has been detained in custody to answer any criminal accusation before the district court shall be discharged if an indictment or information is not returned against such defendant at the next term of the court which is held after his commitment.

V.

The facts recited above bring (George Whitman III) under the provisions of Article _____ of the *Alaska* Code of Criminal Procedure. He has been detained in custody to answer a criminal accusation before the District Court of *Bethel* County, (Bethel, Alaska), and no indictment was returned in the next term of court held after his commitment. He is entitled to have the prosecution dismissed and to be released from custody.

## VI.

In addition, (George Whitman III) is being restrained of his liberty in violation of rights guaranteed to him by the United States Constitution and by the **Alaska** Constitution, in that the State has held him in confinement for a period of **20 months** months without making any effort to present such evidence as it may have to the Grand Jury. The arraignment determined that there was sufficient evidence to hold (George Whitman III's) right not to be deprived of his liberty without due process of law, in violation of the Fourteenth Amendment to the United States Constitution and of Article _____, Section **Criminal Rule 45(a),(c)(1)** of the **Alaska** Constituition. This failure to act has also resulted in the deprivation of (George Whitman III's) right to a speedy trial, in vioelation of the Sixth and Fourteenth Amendments to the United States Constitution and of Article _____, Section **Criminal Rule 45(f)** of the **Alaska** Constitution.

## VII.

If (defendant's neame) is confined by virtue of any writ, order or process, diligent effort of unmdersigned counsel has failed to find it in the office of the **Bethel, Alaska** Court, in the **YKCC** Couunty Jail, in the **Bethel** County Sheriff's office, or in the **Bethel** County District Clerk's office. If any writ, order, or process exists, it may be in the possession of the **Bethel** County District Attorney.

WHEREFORE, the Defendant, through (himself) or negligent counsel Anne Marshall of OPA, prays the Court to dismiss the prosecution againast him and to order that he be discharged from the custodsy of the **Bethel YKCC** County Sheriff, in accordance with Article _____ of the **Alaska** Code of Criminal Procedure; or, in the alternative, the Defendant, through counsel (or himself), prays the Court for a writ of habeas corpus, and, upon the return of the writ of habeas corpus, for an order discharging him from custody of the **Bethel, Alaska YKCC** County Sheriff, because he is being confined in violation of the United States Constitution and the **ALASKA** Constitution.

*defendant's*
George Whitman III ___ (Signature)
George Whitman III (Name of Attorney)
Attorney for Defendant
OPA
Anne Marshall

→ Denied by Judge Devaney.
Criminal Rule 45(f)
Waiver: Plea of Guilty or Nolo Contendere prior to trial constitutes waiver or failure of defendant to put in a motion to dismiss under this rule constitutes waiver.

To: Ombudsman & The Alaska Bar Association
From: George Whitman III
re: Complaint                today's date: Jan. 29, 2006/   01-13-06

On July 18, 2004 I was brought to Y.K.C.C. On the 19th, the next day, I went to court. Between July 18 and July 29 the Public Defenders Investigator came up to Y.K.C.C twice to advise me who my attorney would be. Bruce Day the investigator mentioned 3 different names. Holly Handler, John P. Cashion, and somebody with the last name Hamilton. He didn't tell me who my actual lawyer would be. Each day he came up to Y.K.C.C the name changed. Each day I called the office of the PDA office I was not able to reach any one of the three attorney's.

   On July 29, 2004 I was to have my Preliminary hearing. John Cashion had finally decided to become my attorney but also found out that he was gonna be switched. John told me I'd be receiving a new attorney but from the OPA office. I told Mr. Cashion that I totally do NoT TRUST OPA meaning Brian Kay. I had the choice to represent myself or accept an attorney who there was a conflict of Interest once his name was mentioned. John Cashion told me he couldn't help me there. I've represented myself before but when but when I've represented myself my charges concerned misdameanor charges. I'm not really capable of handling Felony charges, although I have found a couple tips in which my new OPA Attorney could help me with but denies my findings are totally untrue.

   On that 29th day of July John Cashion betrayed my interests. He asked me to request for a Rule 5 continuance. My attorney's were being switched that day and he ended up betraying my interests. I had the idea that my atty's were being switched but I totally did not trust Brian Kay of OPA. That 10th day for the Preliminary hearing my charges were to be dismissed to a Rule 5. After 10 days if in custody the state must indict but 20 days if not in custody the state must indict. I had no knowledge of what that Rule 5 continuance would do to harm me. I would have been released that day or later. John requested or asked me to take that continuance. I didn't know what to say so I accepted his request.

   After the 29th day of July I found out that John requesting me to take the rule 5 continuance was harmful to my case.

   How am I to deal with something that is so harmful to my case? How can the situation be fixed? Is there any way that we can fix the mistake? IF you people can fix that situation it would be helpful to me as the mistake has proved to be so harmful to my case, as my new OPA attorney claims that I may be doing some long jail time, a minimum of 20 years because of a supposed presumptive felons. IF there is any way you people can help me out with the situation I'm in I'd gladly take the help. I'm only 24 years old and my new OPA attorney does not, repeat does not help me at all and tells me all the information that I've learned is totally untrue.

   Please contact me at the return address of the envelope.


P.S.- All information or tips I've learned were from the law library concerning my case. Even the rule 5.        From,

George Whitman III
*George Whitman III*