To:             The Bethel Supreme Court ( Trial Courts)
From:   George Whitman III - the defendant Case No. 4BE-04#-1010CR
Re: &7 :43.2 Supplemental memorandum in support of motion to dismiss
     based on failure to indict-federal (State)
                                        *complete Manual of Criminal forms 3d*

(Caption)
   The defendant, George Whitman III, ("(Defendant's surname)"),
hearby supplements his prior Motion to Dismiss Indictment, pursuant
to 18 U.S.C. && 3162(a)(1), and further moves this Court to dismiss
with prejudice both the instant indictment and the previous complaint
based upon the Government's failure to indict him within (30) days
of his arrest due to its indifference in promptly instituting the
instant prosecution..
   On (date), this Court requested additional briefs on the issue
of whether the Court should dismiss this matter with prejudice.

                          I. ARGUMENT

A. THE INDICTMENT CHARGING THE DEFENDANT WITH VIOLATING 8 U.S.C.
& 1326 SHOULD BE DISMISSED WITH PREJUDICE.

   The factors set forth in 18 U.S.C. & 3162(a)(1) and upheld by
the Supreme Court, require the Court to weigh three factors in its
determination of whether to dismiss an indictment with or without
prejudice: the seriousness of the offense, the facts and circum-
stances of the case which led to the dismissal, and the impact of
reprosecution on the administration of justice. U.S. v. Taylor, 487
U.S. 326, 332, 108 S. Ct. 2413, 101 L. Ed. 2d 297 (1988). Although
the Court in Taylor noted that & 3162(a)(1) does not mandate
dismissal with prejudice for every infraction, the Court acknowledged
the effectiveness of dismissal with prejudice and its impact on
instituting changes in procedures and reducing pretrial delays. Id.
at 342. Other courts have similarly held that the reviewing court
must focus on why the government failed to uphold the Speedy Trial
Act in determining the proper judgment for dismissal and that the
court may use its discretion in the decision to dismiss with or
without prejudice. e.g. U.S. v. Wright, 6 F.3d 811, 814 (D.C. Cir. 1993).

1. THE OFFENSE LACKS THE REQUISITE SERIOUSNESS TO MANDATE DISMISSAL
WITHOUT PREJUDICE

   As a general rule, the severity of an offense plays a significant
role in determining the type of dismissal, because a serious crime
carries with it a strong impact on society if the charges are dropped
without the threat of reprosecution. See U.S. v. Barnes, 159 F.3d
4, 16 (1st Cir. 1998). The seriousness of an offense, however, is
not an absolute bar to dismissal with prejudice when other & 3162(a)(1)
factors of outweigh the significance of the offense. U.S. v. Harden,
155 F.3d 562 (4th Cir. 1998) (See Exhibit 1, attached hereto).
Moreover, upon a court's evaluation of all the relevant factors
included in & 3162(a)(1), dismissal with prejudice may be appropriate
despite a determination of the serious nature of the offense involved.
Id. at 3 (upholding dismissal with prejudice because seriousness of
drug law violations outweighed by other factors, including negligence
of government); U.S. v. Giambrone, 920 F.2d 176, 178-79 (2d Cir. 1990)
(length of delay mandates dismissal with prejudice despite seriousness
of drug charges).
   More importantly, the elements of the crime charged here, as a
#mala prohibita offense, require no proofof of criminal intent. Pena-

Cabanillas v. U.S., 394 F.2d 785, 788-89 (9th Cir. 1968). U.S. v. Anton, 683 F.2 1011, 1014 (7th Cir. 1982) (suggesting criminal intent not completely irrelevant in § 1362. Despite the serious penalties imposed for a violation of § 1362, the crime is victimless in nature and the offense did not exist at common law. The court in Pena-Cabanillas explains that a mala prohibita violation does not create "immediate or direct injury to person or property." 394F.2d at 790 n.3. At its worst, § 1326 criminalizes the act of violating an INS administrative order. Section § 1362 should not be considered a serious offense merely because of the penalties imposed. Accordingly, the court should not consider a § 1362 offense as "a positive aggression or invasion" but rather as an offense of "neglect, where the law requires care." Pena-Cabanillas, 394 F. 2d at 790 n.3.

In the case at bar, it is respectfully submitted that this Court should find (Defendant's name)'s § 1362 offense lacks the requisite seriousness due to the absence of a requirement of criminal intent. Similarly, the Court should view (Defendant's name)'s alleged violation as a victimless offense. Consequently, (Defendant's name)'s offense is only serious in the context of the penalties imposed by § 1362, rather than by the nature of the offense itself. An offense of "neglect," as the Pena-Cabinallas characterizes § 1362, should not be viewed as the type of serious offense that weighs against dismissal with prejudice.

In the alternative, should the Court find that the Defendant's alleged violation carries the requisite seriousness under § 3162(a)(1), the impact of the remaining factors clearly outweighs the seriousness factor. See Arguments 2 & 3 infra. In comparison to the court's conclusions in Harden and Giambrone, the influence of a finding that (Defendant's name) violated a serious offense will diminish as a result of the Court's determination of the influence of the remaining factors. Id.

2. THE FACTS AND CIRCUMSTANCES OF THE GOVERNMENT'S VIOLATION OF THE DEFENDANT'S RIGHT TO A SPEEDY TRIAL REQUIRE DISMISSAL WITH PREJUDICE

Under the second prong of § 3162(a)(1), the Court must consider the facts and circumstances of a case that have led to dismissal. In particular, the Court should scrutinize the government's conduct that has created the violation. Taylor, 487 US at 338-39 (examining government's behavior that led to the delay in handling defendant's case); U.S. v. Blevins, 142 F.3d 223, 226 (5th Cir. 1998) (contemplating government's actions as they pertain to infraction of Speedy Trial Act). Where the government has substantially violated § 3162(a)(1), the government's negligent failure to meet the terms of the Act and its neglectful attitude may warrant dismissal with prejudice. Taylor, 487 US 338; U.S. v. Koory, 20 F.3 844, 847 (8th Cir. 1994).

Specifically, the Court should examine whether the government acted out of bad faith in pursuing ulterior motives, or whether the government's failure to meet deadlines evidences a pattern of neglect. Taylor, 487 US F.2d 339 (establishing pattern of behavior must show more than isolated violation). But see U.S. v. Hernandez, 863 F.2d 239, 244 (2d Cir. 1988) (opining that court may not uphold dismissal with prejudice to only "send message to government that unexcused delays not tolerated"). In addition, the court may examine the "lackadaisical attitude" of the government actors involved in determining whether dismissal with prejudice is appropriate. Giambrone, 920 F.2d at 180. Pursuant to U.S. v. Caparella, 716 F.2d 976, 980 (2d Cir. 1983), the court may also consider whether the

conduct amounts to "careless inadvertence" to adhere to & 3162(a)(1). Finally, the government may not attribute its failure to meet the mandates of & 3162(a)(1) to administrative error and oversight in all cases. U.S. v. Salgado-Hernandez, 790 F.2d 1265, 1268 (5th Cir. 1986).

As stated by the courts in Taylor and Blevins, this Court must carefully examine the government's actions in the case at bar to determine whether the violation of & 3162(a)(1) mandates dismissal with prejudice. Under any level of scutiny, the Court should view the government's actions toward (Defendant's name) as a negligent failure to meet the terms of & 3162 (a)(1) and determine that its actions exhibit the kind of neglectful attitude discussed in Taylor, Koory, and Giambrone. Specifically, SA (Agent's name)'failure to apply for a criminal complaint against (Defendant's name) within 30 days, the (City)Police Department's failure to examine (Defendant's name)'s fingerprints within 30 days, and (Defendant's name)'s indictment two months after his arrest all serve to exhibit negligent, if not recklessly indifferent, behavior. Additionally, the government's reasoning for failing to comply with the 30-day requirement hinged on its view that, as government actors, they may make administrative mistakes and will remain blameless. This Court should dismiss with prejudice as a result of the government's actions, not only to send a message to the government as a whole that violations of & 3162(a)(1) will not be tolerated, as the Hernandez court suggests, but also to insure that this kind of negligent and indifferent conduct ceases.

Moreover, the government's claim that its alleged oversight with respect to the date of (Defendant's name)'s offense amounts merely to an administrative error, undeserving of a finding of a & 3162(a)(1) violation, suggests that the government often engages in similar negligent behavior so as to amount to a pattern of neglect described by the Court in Taylor. The fact that this pattern of conduct that has remained unnoticed until this time does not diminish the inference that such a pattern exists. In addition, the Court should view the government's behavior as a lackadaisical attitude, evincing the government's disregard of the defendants' rights, as in Giambrone, or as a careless inadvertence to the mandates of & 3162(a)(1). Finally, in comparison to Salgado-Hernandez, the Court should consider that the government may have a meritless argument in its suggestion that the Court regard their failure to meet & 3162(a)(1) an administrative error.

3. THE IMPACT OF DISMISSAL WITH PREJUDICE WOULD NOT IMPACT THE ADMINISTRATION OF &3162 OR THE ADMINISTRATION OF JUSTICE

The court in Blevins established the following considerations for the court in evaluating s the impact of a defendant's reprosecution on the administration of & 3162(a)(1) and the administration of justice: "the defendant's right to a timely trial, the deterrent effect of a prejudicial dismissal on the government's repeated violations of speedy trial requirements, and the public's interest in bringing the defendant to trial." 142 F.3 at 226. Similarly, the court in U.S v. Russo, 741 F.2d 1264, 1267 (11th Cir. 1984), noted that, although reprosecution favors the public interest in justice by condemning the serious nature of offenses, a dismissal without prejudice frustrates the concurrent necessity of affording defendants an expeditious prosecution. In addition, in United States v. Lowery, the district court encouraged courts to view their responsibility to consider the impact of reprosecution seriously, and suggested that in doing so, courts must not condone the government's behavior in violating & 3162(a)(1). 21 F.Supp2d 648, 651 (E.D. Texas 1998); see also U.S. v. Rivas, 782 F. Supp. 686, 688 (D. Me. 1992), decision

aff'd, 973 F.2d 36 (1st Cic. 1992) (holding reprosecution sends erroneous signal to government). Finally, in United States v. Wright, the court held that in cases where the government shows a lackadaisical attitude toward adherence to § 3162 (a)(1), the court should weigh this against the government in determining whether or not reprosecution would adversely affect the dictates of justice or the policies behind § 3162(1)(1). 6 F.3d 811, 816 (D.C. Cir. 1993).

It is respectfully submitted that in applying the considerations outlined in Blevins, this Court should find that reprosecution would violate (Defendant's name)'s right to a timely trial, would fail to ensure the deterrence of similar violations of the government in the future, and is not in the best interest of justice. In light of the governmental violation of (Defendant's name)'s right to a timely trial, further reprosecution would only serve to exacerbate the infraction of his rights. Similarly, should the Court allow the government the opportunity to reprosecute (Defendant's name) in the future, its will in effect condone the government's negligent violation of ¶ 3162(a)(1). In essence, the Court will further the government's blatant disregard for § 3162(a)(1) because goverment prosecutors will expect that negligent acts will remain unpunished. Moreover, Russo highlights that although the public has an interest in seeing that offenders are brought to justice, the public's general interest may compromise (Defendant's name)'s personaal interest in a speedy prosecution.

## II. CONCLUSION

Based on the foregoing arguments and authorities, this Court is respectfully urged to dismiss the instant indictment and the complaint with prejudice.

Dated: _____

Respectfully submitted,
_____(Signature)
(Attorney's Name)
Attorney for Defendant

(h) Fourth Amendment--Search and Seizure

   The fourth amendment prohibits unreasonable searches and seizures by the government. The prohibition has been applied to the states through the fourteenth amendment. The remedy for a violation of the fourth amendment by state or federal government officials may include exclusion of the evidence obtained as a direct or indirect result of the violation. (A successful assertion of a fourth amendment violation, in the criminal context, may result in insufficient evidence for conviction and thus may indirectly lead either to a prosecutorial decision to dismiss the charges or to an acquittal at trial.)
   Evidence that is inadmissible at trial on the substantive issue of guilt may be admissible for other purposes, however. The Supreme Court, viewing exclusion of evidence as a remedy for violation of constitutional rights, has permitted use of the evidence where the remedial benefit--deterrence of improper police conduct--is marginal.
   Stops and arrests by police are seizures for the purposes of the fourth amendment. Thus, a stop must be based on articulable suspicion, and an arrest must be based on probable cause that an offense was committed by the person arrested. Failure to identify oneself to an officer does not constitute probable cause for arrest, and an arrest of a person in his home typically must be pursuant to a warrant. While the fourth amendment protection generally has little significance in the context of grand jury proceedings, an extremely broad and sweeping subpoena duces tecum may violate the amendment's reasonableness requirement.
   Police activity that invades a reasonable expectation of privacy constitutes a search. Typically, a search must be conducted pursuant to a warrant, issued by a neutral magistrate, and based upon an affidavit setting forth sufficient underlying circumstances to allow the magistrate to make an independent determination of probable cause. A defendant may attack the facial validity of a search warrant, and he may also attack a warrant that is valid on its face by demonstrating that material and intentional or reckless misrepresentations were essential to establish sufficient probable cause. One may also challenge a search conducted pursuant to a valid warrant if that warrant is improperly executed.
   There are several major exceptions to the warrant requirement: consent searches, searches of defendants and the area within their reach while making a valid arrest, certain car searches, protective frisks during lawful stops, searches essential to prevent escape or resistance, and searches for evanescent evidence.