**Office of Public Advocacy**
**Bethel Section**
**P.O. Box 2129**
**Bethel, Alaska 99559**

George Whitman
Case. No.4BE02-1225
02-1598, 04-1010-CR

March 23, 2006

Mr. Whitman:

I spoke Tuesday and Thursday with the D.A. assigned to your case. I have agreed he need not bring in from Anchorage two police officers whose testimony has no significance.

Secondly, the prosecutor picked TUESDAY to tell me he had not received Dr. Bradbury's report. I filed the notice of expert witness in JANUARY, and NOW, the prosecutor objects that he wants a continuance because he says the Notice isn't specific enough. I say it is, it'll be argued before the Court.

You will be happy to know that Tuesday Judge Finn ruled that the State had to produce the CURRENT medical records of Donald and Lena that pertain to their competency to testify. However, today is THURSDAY, and the Court hasn't gotten them,. Examined them, or passed them on to me.

In my opinion, Judge Devaney may very well give the State another continuance based on their complaint of "inadequate notice" of the content of Bradbury's testimony. They are right they are entitled to a continuance bec. Mike Walsh didn't get the report until Tuesday; they are wrong the notice is deficient.

I interviewed Howard Wassilie today; he does not corroborate your story of the two of you going around in the house when no one was there. However, he did tell me about an admission by another inmate that he was an ACCOMPLICE to you and a third man at the time of the offenses. I have other matters to discuss with you when you want to discuss them.

I have had to use some valuable trial preparation time to prepare a response to the bar of your complaint. I wish you had waited to file it until after trial.

Sincerely

Anne M. Marshall

YOU MUST LET ME KNOW BY THE END OF THE MONTH WHETHER YOU WANT TO TAKE THE RULE 11 OFFER IN THIS CASE. IF YOU WANT TO GO TO TRIAL (AND THE DA.'S OFFICE WANTS TO TRY YOUR CASE) I WILL HAVE TO HAVE YOU PSYCHOLOGICALLY EXAMINED AS SOON AS POSSIBLE. Your difficulty in working with your attorneys indicates this is important data if trial is required.

Again, it is my opinion, given the evidence against you, that **you would be convicted if you go to trial and probably sentenced to about 50 years**. You will recall we have discussed the DNA evidence and the eyewitness testimony. You are known to the victim and it will be impossible to discredit her identification of you as the assailant.

PLEASE COMMUNICATE YOUR CHOICE TO TRY OR PLEAD THIS CASE NO LATER THAN FEBRUARY 28, 2005.

Sincerely,

Anne M. Marshall, Attorney at Law

*[signatures]*

George Whitman III