IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GEORGE K. WHITMAN, III,<br><br>         Petitioner,<br><br>vs.<br><br>CHRIS LIU,<br><br>         Respondent. | Case No. 3:06-cv-00134-TMB<br><br><br>ORDER of DISMISSAL |

On June 5, 2006, George K. Whitman, III, representing himself, filed a petition for writ of habeas corpus, under 28 U.S.C. § 2254, alleging that his conviction in the Superior Court for the State of Alaska was unconstitutionally obtained.[1] Mr. Whitman has stated, however, that he has not fully exhausted his state court remedies, as required by § 2254(b).[2] The exhaustion doctrine states that habeas relief is not available "unless the applicant has exhausted the remedies available in the courts of the State."[3] This means that the petitioner must exhaust his state court

---

[1] *See* Docket No. 1.

[2] *See id.* at 5-10.

[3] 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th

remedies up through the state supreme court.[4]  As the Ninth Circuit has stated, even "where review in the highest court is discretionary, a prisoner must still petition the highest court for review in order to exhaust his claim properly."[5]

To satisfy this exhaustion requirement, a petitioner must "fairly present" the substance of his claim to the state courts.[6]  A claim for habeas relief must include reference to a <u>specific federal constitutional guarantee</u>, as well as a statement of the

---

Cir. 2003) ("A federal court may not grant habeas relief to a state prisoner unless he has properly exhausted his remedies in state court. ... A petitioner must exhaust his state remedies by reaching the point where he has no state remedies available to him at the time he files his federal habeas petition."); *Reutter v. Crandel*, 109 F.3d 575, 577 (9th Cir.), *cert. denied*, 118 S. Ct. 142 (1997) ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies") (quoting *Picard v. Connor*, 404 U.S. 270 (1971)); *Zichko v Idaho*. 247 F.3d 1015, 1022 (9th Cir. 2001) ("A habeas petitioner must present his claims to the state's highest court in order to satisfy the exhaustion requirement of 28 U.S.C. §§ 2254(b)(1) and (c)").

[4]  *See Custer v. Hill*, 378 F.3d 968. 974-75 (9th Cir. 2004) (Petitioner who failed to reference his ineffective assistance of counsel claim in his petition for review in Oregon Supreme Court failed to exhaust his state court remedies with respect to issue, for purposes of federal habeas corpus petition).

[5]  *Peterson v. Lampert*, 319 F.3d at 1056, following *O'Sullivan*, 526 U.S. at 845 ("a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement").

[6]  *See Williams v. Taylor*, 120 S. Ct. 1479 (2000); *Lounsbury v. Thompson*, 340 F.3d 998, 1001 (9th Cir. 2003) ("A petitioner is deemed to have exhausted state remedies if he makes a fair presentation of his federal claims to the state courts."), citing *Peterson*, 319 F.3d at 1155-56.

facts that entitle the petitioner to relief.[7]  Otherwise, although the district court may ignore the failure to exhaust and deny the petition on its merits, under 28 U.S.C. § 2254(b)(2), it is not required to do so.[8]  Mr. Whitman must show that <u>each</u> of the grounds on which <u>this</u> petition is based have been presented in the state courts, including the Supreme Court of Alaska, and that he was denied relief.[9]

Because **counsel is not required**, or even guaranteed, in **post-conviction proceedings**,[10] an allegation that counsel refused to present Mr. Whitman's claims

---

[7]  See Peterson, 319 F.3d at 1160 ("Peterson's reference to the right to adequate assistance of counsel under the Oregon Constitution did not fairly present his federal claim of ineffective assistance of counsel under the Federal Constitution.") (emphasis added); Lounsbury, 340 F.3d at 1002 ("Lounsbury's petition, on the other hand, included no such qualification, and unquestionably alleged a due process violation under the federal constitution."); Sanders v. Ryder, 342 F.3d 991 (9th Cir. 2003) ("[F]or the purposes of exhaustion, pro se petitions are held to a more lenient standard than counseled petitions. ... [A] prisoner may alert a state court to the federal nature of the asserted right by using the phrase 'ineffective assistance of counsel.'").

[8]  See Gatlin v. Madding, 189 F.3d 882, 887-89 (9th Cir. 1999), cert. denied, 120 S. Ct. 815 (2000).

[9]  See Reutter v. Crandel at 577.

[10]  See Ellis v. Armenakis, 222 F.3d 627, 632-33 (9th Cir. 2000) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"), quoting Pennsylvania v. Finley, 481 U.S. 551, 555 (1990) (citations omitted); Poland v. Stewart, 151 F.3d 1014, 1022 (9th Cir. 1998) (there is no constitutional right to counsel in state post-conviction proceedings).

in state court, does not overcome the statutory exhaustion requirement. Mr. Whitman could have brought his claims himself, as he has done in this Court.

Mr. Whitman is cautioned that there is a one-year limitations period in which to file a habeas petition,[11] and that a petition brought under § 2254 will be dismissed if not brought within that period, unless there are "extraordinary circumstances" beyond Mr. Whitman's control, which made it impossible to file his petition on time.[12] Although this time period is tolled (suspended) during the pendency of any state court post-conviction proceedings,[13] the United States Supreme Court has decided that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)."[14] Thus, the time during which Mr. Whitman has had an action pending

---

[11] See 28 U.S.C. § 2244(d)(1).

[12] See Calderon v. U.S. Dist. Court for Central Dist. of Cal., 128 F.3d 1282, 1288 (9th Cir. 1997); but see, Allen v. Lewis, 255 F.3d 798, 800-801 (9th Cir. 2001) (the time is not tolled where prisoner's transfer between state prisons occurred at the beginning of the limitations period and was not the **proximate cause** of the prisoner's failure to file on time).

[13] See Hasan v. Galaza, 254 F.3d 1150, 1153-54 (9th Cir. 2001) (under § 2244(d)(2), the limitations period is tolled while a **state habeas petition** is pending); Tillema v. Long, 253 F.3d 494, 499-502 (9th Cir. 2001) (the period of limitation is tolled during the pendency of a **state challenge** to the pertinent judgment, even if that challenge does not include a claim later asserted in the federal habeas petition).

[14] Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001); see also, Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) ("We hold that section 2244(d)(2) does not toll the AEDPA limitations period while a federal habeas petition is pending"); Fail v. Hubbard, 315 F.3d 1059, 1062 (9th Cir. 2001) ("the delay in this case was not beyond Fail's control. By continuing

in this Court, since not an "application for **State** post-conviction or other collateral review," does not toll that one-year time period.  Therefore, in the event that the one-year limitations period has not yet run, Mr. Whitman a should promptly begin exhaustion of his state court remedies, or risk the running of the statute of limitations, forever barring relief in federal court.

**IT IS THEREFORE ORDERED:**

Mr. Whitman's petition for writ of habeas corpus, at docket number 1, is **DISMISSED** without prejudice to its timely refiling after all issues that Mr. Whitman wishes to raise are exhausted in state court by presentation first to the Alaska Superior Court then, if Mr. Whitman is unhappy with that result, to the Alaska Court of Appeals and then, if he is unhappy with that result, in a petition for hearing to the Alaska Supreme Court.[15]  All pending motions are **moot** and are therefore **DENIED**.

DATED this 25th day of July, 2006,  at Anchorage, Alaska.

/s/TIMOTHY  M.  BURGESS
United States District Judge

---

to press his petition of entirely unexhausted claims after the district court informed him that he could only bring claims first brought in state court, Fail was the cause of the delay that ultimately made his second petition untimely.").

[15] *See Peterson v. Lampert*, 319 F.3d at 1159-60 ("'mere similarity' between a state claim presented in state court and the federal claim made in the habeas petition does not suffice to avoid procedural default") (citation omitted).